UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


GLEN McDANIEL                    ]
    Plaintiff,               ]
                                 ]
v.                               ]       No. 3:12-0106
                                 ]       Judge Sharp
DRIVER CHAPPELL, et al.          ]
    Defendants.              ]


### M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Clark County Jail in Arkadelphia, Arkansas. He brings this action pursuant to 42 U.S.C. § 1983 against Officer Chappell and John Doe, drivers for the Nashville based Prison Transportation Services, seeking damages.

The plaintiff's claim states in its entirety as follows :

> Driver dozed off while driving
> on January 6,2012 in Ohio. It also
> was three others being transported.

Docket Entry No.1 at pgs.4-5.

From the statement of his claim, the Court presumes that the plaintiff was injured in a traffic accident while being transported through Ohio on the way to his present place of confinement.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution

or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908 (1981).

At best, the plaintiff is alleging that the defendants were negligent and that said negligence led to his injuries. Negligent conduct, however, is not actionable under § 1983 because it does not rise to the level of a constitutional deprivation. Estelle v. Gamble, 97S.Ct. 285 (1976). This is true with respect to negligence claims arising under both the Eighth and Fourteenth Amendments. Whitley v. Albers, 106 S.Ct. 1078, 1084 (1986)(Eighth Amendment); Daniels v. Williams, 106 S.Ct. 662, 666 (1986)(Fourteenth Amendment). Thus, the plaintiff has failed to allege conduct that violates the Constitution.

In the absence of a constitutional violation, the plaintiff is unable to prove every element of his cause of action. Therefore, the plaintiff has failed to state a claim upon which § 1983 relief can be granted. Under such circumstances, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

Kevin H. Sharp
United States District Judge